UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWIN ORDONEZ, for himself and on
behalf of those similarly situated,

        Plaintiff,         CASE NO.:

vs.

RITZMAN TENNIS COURTS, LLC, a Florida
Limited Liability Company, and JAMES A.
RITZMAN JR., Individually,

        Defendants.     /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, EDWIN ORDONEZ, ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Complaint against Defendant, RITZMAN TENNIS COURTS, LLC, ("RITZMAN TENNIS"), a Florida Limited Liability Company, and JAMES A. RITZMAN, Individually ("RITZMAN") (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conducts business in this judicial district.

1

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

5. At all times material to this action, Defendant RITZMAN TENNIS COURTS, LLC was, and continues to be, engaged in business in Florida, doing business in Lee County.

6. Upon information and belief, at all times material to this action, Defendant RITZMAN, was and continues to be a resident of Lee County, Florida.

7. At all times material to this action, Defendant RITZMAN acted as an owner and/or operator of RITZMAN TENNIS and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of RITZMAN TENNIS.

8. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of RITZMAN TENNIS; (b) determine the work schedules for the employees of RITZMAN TENNIS; and (c) control the finances and operations of RITZMAN TENNIS, Defendant, RITZMAN, is an employer as defined by 29 U.S.C. §201 *et. seq.*

9. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

12. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

13. At all times material to this action, RITZMAN TENNIS was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant RITZMAN TENNIS was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

15. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in construction of tennis courts.

16. At all times, Plaintiff, and other similarly situated, were individually covered the FLSA, because they were directly engaged in interstate commerce. Specifically, Plaintiff and those similarly situated regularly travelled to multiple states to perform work for Defendants' business.

17. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18. Beginning on or about February 2007, and continuing through April 2019, Defendants employed Plaintiff as a non-exempt, hourly-paid employee, working at Defendants' company.

19. Plaintiff's duties included construction work, fencing and all tasks related to constructing tennis courts.

20. Plaintiff was paid an hourly wage, which varied depending on the state in which he was performing work.

21. Plaintiff worked for Defendants in excess of forty (40) hours within one or more workweeks.

22. From the beginning of his employment through April 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

23. Similarly, others who also worked on construction of tennis courts for Defendants (those "similarly situated") also were not paid overtime premiums for hours worked over 40 hours in a workweek.

24. Plaintiff and those similarly situated were paid only their regular rate, with no overtime premiums, for overtime hours.

25. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

26. Upon information and belief, the majority of Plaintiff's pay and time records, as well as the records of those similarly situated, are in the possession of Defendants.

27. Defendants have violated Title 29 U.S.C. § 207 from at least February 2009, to April 2019, in that:[1]

    a. Plaintiff, and others similarly situated, worked in excess of forty (40) hours in one or more workweeks during their periods of employment with Defendants; and

---

[1] Plaintiff can only recover for the three year period preceding this lawsuit. However, Defendants have violated the law throughout his employment.

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and others similarly situated, at the statutory rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

28. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful, as Defendants knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

29. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From the beginning of his employment through April 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Those similarly situated also worked in excess of 40 hours in one or more workweek, but were not paid proper overtime premiums.

33. Plaintiff, and others similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

34. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights

under the FLSA.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

37. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants have failed to properly pay Plaintiff proper overtime wages for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees

38. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, requests conditional certification pursuant to Section 216(b) of the FLSA of a class of the employees who worked constructing tennis courts for Defendants, who were paid straight time for overtime hours, and who worked for Defendants in the three years preceding the filing of the complaint; an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed

proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 9th day of July, 2019.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*